# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVE ROBERT BENTZ, <br> # S-03210, <br><br> Plaintiff, <br><br> vs. <br><br> S. MCGLORN, <br> SUSAN KULIS, <br> DOCTOR TROST, and <br> JANE DOE, <br><br> Defendant. | Case No. 18-CV-018-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

In *Bentz v. Maue*, Case No. 16-cv-854-NJR (S.D. Ill. Jan. 4, 2018), Plaintiff David Bentz, an inmate in Menard Correctional Center, brought suit for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), three claims against Defendants McGlorn, Kulis, Trost, and Jane Doe were severed from that initial action to form the basis for this action, Case No. 18-cv-18-JPG.

This case is now before the Court for a preliminary review of those claims pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the relevant allegations in Plaintiff's Complaint, the Court concludes that this action is subject to summary dismissal.

**<u>The Complaint</u>**

The allegations in Plaintiff's Complaint (Doc. 2) relevant to this severed action are as follows: on August 31, 2015, McGlorn and Nurse Jane Doe met with Plaintiff. (Doc. 2, pp. 19-20). At the appointment, Plaintiff addressed miscellaneous complaints, including his denial of a physical and dental care. *Id*. He also complained of problems with an ingrown toenail, his vision, neck pain, and jaw pain. *Id*. However, Plaintiff alleges that nothing was done. *Id*. Plaintiff submitted a request for treatment of a spider bite, ingrown hair, dental care, and neck pain on September 24, 2015. (Doc. 2, p. 21). Nurse Jane Doe met with Plaintiff to address his spider bite, and nothing else, the following day. *Id*. Plaintiff's doctor call pass was cancelled on October 26, 2015. *Id.*

On December 20, 2015, Nurse Jane Doe saw Plaintiff for a second spider bite or ingrown hair. (Doc. 2, p. 23). Doctor Trost examined the spider bite on January 21, 2016. (Doc. 2, p.

2

25). At the appointment, the doctor also prescribed naproxen twice daily for pain, ordered a second x-ray of his spine, and recommended a follow up in four months. *Id*. Although Plaintiff received a second set of x-rays on January 25, 2016, and naproxen from January through April 21, 2016, he did not attend a follow up appointment with Doctor Trost to discuss the x-rays of his spine. (Doc. 2, pp. 25-26, 29). However, on February 18, 2016, Plaintiff met with Doctor Trost about his spider bite and complained of ongoing neck pain, prompting the doctor to increase his naproxen from 575 mg to 800 mg. (Doc. 2, p. 26). Plaintiff actually received 750 mg tablets, instead of 800 mg tablets. *Id*. He complained of the error in his dosage to Nurse Jane Doe during her rounds on February 23, 2016. *Id*. She agreed to issue him new tablets in the correct dosage but failed to do so. *Id*. Despite this, Plaintiff received regular refills of naproxen between February and May 2016. *Id*.

On March 16, 2016, Plaintiff asked Officer Cross[1] to take him to the HCU for treatment of neck pain and swelling, pressure in his head, right leg pain, and difficulty eating. (Doc. 2, p. 27). Cross declined to do so unless Plaintiff was "dying or dead," instead instructing Plaintiff to put in a sick call slip. *Id.* Plaintiff gave Officer Cross two sick call slips. *Id*. Although Cross gave at least one of them to Nurse Susan Kulis, she refused to see Plaintiff. *Id*. Plaintiff submitted a third slip and was finally called to the HCU on March 19, 2016. *Id*. Without reviewing his medical records, Nurse Kulis told Plaintiff that his cervical spine issues were not serious. *Id*. She nevertheless agreed to refer Plaintiff to a doctor, if he paid the additional $5.00 copay. *Id*. Plaintiff was again seen by Nurse Jane Doe on April 19 and 20, 2016. (Doc. 2, p. 28). He filed a grievance to complain about the "above issues" and about being charged "double co-pays" on April 30, 2016. *Id*.

---

[1] Officer Cross is not named as a defendant in this action, and all claims against this individual are considered dismissed without prejudice.

On June 9, 2016, McGlorn met with Plaintiff and told him that he had arthritis. (Doc. 2, p. 28). For the first time, McGlorn increased Plaintiff's naproxen to 875 mg. *Id*. After Plaintiff filed a grievance on June 15, 2016, to complain about Nurse Jane Doe's failure to prescribe him the correct dosage of naproxen four months earlier, the nurse again prescribed him the wrong dosage (500 mg) on June 19, 2016. (Doc. 2, p. 29).

## **Discussion**

In its Severance Order (Doc. 1), the Court designated the following counts to be severed into this *pro se* action. The parties and the Court will continue to use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 16 –** Eighth Amendment deliberate indifference to medical needs claim against Nurse Jane Doe and McGlorn for failing to address Plaintiff's complaints about an ingrown toenail, vision problems, neck pain, and jaw pain at appointments in August 2015, April 2016, and June 2016.

**Count 17 –** Eighth Amendment deliberate indifference to medical needs claim against Doctor Trost for failing to provide Plaintiff with adequate medical treatment for neck pain in 2016 when the doctor ordered x-rays of his spine but failed to review the results of the x-rays with Plaintiff and when the doctor ordered naproxen but failed to ensure that he received the correct dosage.

**Count 18 –** Eighth Amendment deliberate indifference to medical needs claim against Kulis for denying Plaintiff adequate medical care for his neck pain and swelling, pressure in his head, right leg pain, and difficulty eating in March 2016.

As discussed in more detail below, Counts 16, 17, and 18 will be dismissed for failure to state a claim upon which relief may be granted. Any claims mentioned in the Complaint but not identified above are inadequately pled under the *Twombly* pleading standard or are improperly joined and are considered dismissed without prejudice from this action. Any defendants listed in the Complaint but not named in connection with one of the above claims are also considered dismissed without prejudice for failure to state a claim against the defendant(s). Finally, to the

4

extent Plaintiff sought to bring claims against individuals or entities not included in the case caption, these individuals or entities will not be treated as defendants in this case, and any claims against them should be considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d at 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption").

### **Count 16 – Deliberate Indifference of Doe and McGlorn**

A prisoner raising a claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

The second requirement involves a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 297). Liability under the deliberate-indifference standard requires more than negligence, gross negligence or even recklessness; rather, it is satisfied only by conduct that approaches intentional wrongdoing, *i.e.*, "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835.

It is unclear whether the medical conditions at issue in this count, Plaintiff's ingrown toenail, vision problems, neck pain, and jaw pain, are sufficiently serious to support a deliberate indifference claim. Plaintiff has not provided much information about these conditions, and has failed to describe their severity or how they may have affected his daily activities. Further, Plaintiff has failed to sufficiently allege deliberate indifference on the part of Doe and McGlorn. He does not claim that Doe's failure to provide him with the appropriate dose of medication was deliberate, only that she "can't get it right." (Doc. 2, p. 29).

Further, both Doe and McGlorn periodically met with Plaintiff, and in one meeting, McGlorn increased the dosage of Plaintiff's pain medication in response to his arthritis diagnosis. The alleged actions of McGlorn and Doe were therefore at most negligence. 42 U.S.C. § 1983 does not punish merely negligent conduct by state actors. *See Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (a "mere lack of due care by a state official" does not " 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment."); *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005) (in order for a state prisoner to make out a Section 1983 claim for deliberate indifference to the prisoner's serious medical needs, negligence or even gross negligence is not enough; rather, a prisoner must show actual intent or deliberate indifference on the part of state actors); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir.1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference.").

For these reasons, Count 16 will be dismissed without prejudice.

### Count 17 – Deliberate Indifference of Trost

Plaintiff has also failed to state a deliberate indifference to medical needs claim against Trost. It is unclear whether Plaintiff's neck pain is objectively serious given the minimal allegations describing it. It also appears that Trost attended to Plaintiff's medical needs rather

6

diligently. He ordered Plaintiff an x-ray when Plaintiff complained of neck pain, and though he did not go over the results with Plaintiff, he increased Plaintiff's dose of pain medication when he met with Plaintiff again and discovered that Plaintiff's pain had not stopped. The Court is not convinced these allegations are sufficient to establish negligence, much less deliberate indifference to a serious medical need.

For these reasons, Count 17 will be dismissed without prejudice.

### Count 18 – Deliberate Indifference of Kulis

Plaintiff's deliberate indifference to medical needs claim against Kulis also must fail. Whether or not his alleged medical needs may be considered objectively serious, they do not appear to have constituted an emergency, and the allegations provide that Kulis saw Plaintiff within three days of him submitting a sick call slip. Kulis also referred Plaintiff to a doctor during that visit. These allegations do not support a finding of deliberate indifference on the part of Kulis. Plaintiff also appears to take issue with the fact that he was charged a co-pay for some of his medical provider visits, but an inmate's constitutional rights are not violated by the collection of a fee for prison medical or dental services. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012) ("the imposition of a modest fee for medical services, standing alone, does not violate the Constitution").

For these reasons, Count 18 will be dismissed without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNTS 16**, **17**, and **18**, and Defendants **JANE DOE**, **MCGLORN**, **TROST**, and **KULIS** are **DISMISSED** without prejudice for failure to

state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file a First Amended Complaint, stating any facts which may exist to support a cognizable § 1983 claim, within 28 days of the entry of this order (on or before **February 14, 2018**). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) because the dismissal herein is for failure to state a claim upon which relief may be granted.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 18-cv-18-JPG). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, the defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1

(7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: January 16, 2018**

*s/J. Phil Gilbert*
United States District Judge