# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, # S-03210, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-18-MJR |
| | ) |
| SHARON MCGLORN, | ) |
| SUSAN KULIS, | ) |
| DOCTOR TROST, | ) |
| MIKE MOLDENHAUER, | ) |
| MISS MEARS, | ) |
| DR. SIDDIQUI, | ) |
| DR. SHAH, | ) |
| HOLLY HAWKINS, | ) |
| MR. ROGERS, | ) |
| MISS MARSHALL, | ) |
| R. POLLION, | ) |
| JASON WALLER, | ) |
| THOMAS LAFONE, | ) |
| MR. LITTLE, | ) |
| D. THREADGILL, | ) |
| BILL WESTFALL, | ) |
| AMMIE LANG, | ) |
| MR. MONJIE, | ) |
| DR. CHADWELL, | ) |
| JANE DOE, | ) |
| JOHN/JANE DOE, | ) |
| JOHN DOE, | ) |
| WEXFORD HEALTH SERVICES, | ) |
| MENARD CORRECTIONAL CENTER, | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, and | ) |
| JOHN/JANE DOES, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff David Bentz, an inmate in Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights.

1

Specifically, Plaintiff claims the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment and Illinois law. This case is now before the Court for a preliminary review of the Amended Complaint (Doc. 24) pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds that this case will proceed past threshold.

**The Amended Complaint**

In his Amended Complaint (Doc. 24), Plaintiff claims that he was the victim of a staff assault on May 11, 2014, from which he sustained injuries to his neck area. (Doc. 24, p. 4). These injuries caused him chronic pain, jaw pain, swelling to his left shoulder, neck, and head areas, vision issues in his left eye due to swelling and pressure, rotation issues with his neck and head due to chronic swelling, and occasional leg pain. (Doc. 24, p. 4). As a result, Plaintiff has difficulty eating and completing other tasks. *Id.*

Plaintiff further claims that he requested treatment from various medical providers and

2

correctional staff at Menard from the date he was injured until the date he filed this Amended Complaint. (Doc. 24). These individuals Plaintiff sought help from include Defendants Trost, John/Jane Doe Medical Staff 3, 4, 5, 6, 7, 8, Chadwell, John/Jane Doe Doctor 9, 10, 11, 12, 13, 14, Monjie, McGlorn, Jane Doe Nurse 1, 2, and 15, Lang, Kulis, Waller, Little, Westfall, John Doe Sgt. 16, Unidentified John and Jane Does, Threadgill, Rogers, Mears, Lang, Moldenhauer, Marshall, Shah, Hawkins, Siddiqui, Lafone, Little, and Pollion. *Id.* Plaintiff claims that these defendants failed to provide him with adequate medical care, or arrange for such care for him. *Id.* Plaintiff also claims that Mears, Lang, and Little had retaliatory motives when they declined to help him and that Mears charged a $5 co-pay to his account without his consent. (Doc. 24, pp. 12, 14).

Plaintiff also alleges that Wexford Health Services, in contract with the Illinois Department of Corrections and/or Menard Correctional Center, maintains a policy under which it does not treat certain chronic medical issues and fails to maintain adequate medical records, rendering any medical records kept worthless. (Doc. 24, p. 16). Plaintiff believes he should have received adequate pain medication for his chronic pain and an MRI so that his injuries could have been properly diagnosed. *Id.* Plaintiff requests monetary damages as well as preliminary and permanent injunctive relief. (Doc. 24, pp. 19-20). Any relevant allegations not addressed in this section will be addressed in the discussion below.

## Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to designate five counts in this *pro se* action. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1 –** Eighth Amendment deliberate indifference to medical needs claim against Defendants for failing to adequately address the injuries that Plaintiff sustained on May 11, 2014 and the chronic pain that he continues to experience.

**Count 2 –** Illinois medical negligence claim against Defendants for failing to adequately address the injuries that Plaintiff sustained on May 11, 2014 and the chronic pain that he continues to experience.

**Count 3 –** First Amendment retaliation claim against Mears and Lang for refusing to provide Plaintiff with medical care in retaliation for his filing lawsuits.

**Count 4 –** First Amendment retaliation claim against Little for returning Plaintiff to his cell and denying him medical care and legal materials after Plaintiff requested medical care.

**Count 5 –** Fourteenth Amendment Due Process claim against Mears for charging Plaintiff a $5 co-pay without his consent.

Any claims mentioned in the Amended Complaint but not identified above are considered inadequately pled under the *Twombly* pleading standard and dismissed without prejudice.[1]

## IDOC and Menard Correctional Center

Plaintiff has named the Illinois Department of Corrections ("IDOC") and Menard Correctional Center as defendants in this action. However, no matter what relief Plaintiff seeks against IDOC and Menard, his claims against them are barred because IDOC, as a state agency, is not a "person" that may be sued under § 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989)); 42 U.S.C. § 1983. For the same reason, Plaintiff cannot maintain a suit for damages against Menard, as it is a division of IDOC. IDOC and Menard will therefore be dismissed with prejudice.

## Count 1 – Deliberate Indifference

To state an Eighth Amendment deliberate indifference to medical needs claim, a prisoner

---

[1] Plaintiff takes issue with the potential disclosure of his medical information to non-medical providers. This disclosure does not by itself support a claim, however. HIPAA, which protects disclosure of medical records, does not provide a private right of action. *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011).

must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). At this early stage, the Court finds that Plaintiff has stated a claim under this standard against the following medical providers and Menard staff members: Trost, Monjie, McGlorn, Jane Doe Nurse 1, 2, and 15, Threadgill, Lang, Kulis, John/Jane Doe Medical Staff 3, Waller, Little, Westfall, John Doe Sgt. 16, Rogers, Mears, Moldenhauer, Marshall, John/Jane Doe Medical Staff 7, Shah, Hawkins, Siddiqui, Lafone, and Pollion.

With respect to Wexford, a corporation can be held liable for deliberate indifference if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Plaintiff has alleged that Wexford maintains a policy under which it does not provide care for certain chronic medical issues, such as Plaintiff's. This is sufficient to state a claim against Wexford at this early stage.

Plaintiff has failed to state a claim against John/Jane Doe Medical Staff 4, 5, 6, and 8, Chadwell, John/Jane Doe Doctor 9-14, and Unidentified John and Jane Does. Plaintiff's allegations against John/Jane Doe Medical Staff 8 do not suggest deliberate indifference on the part of this defendant. Plaintiff takes issue with the fact that this defendant entered notes into his medical file on October 10, 2014 before his X-ray report was available. (Doc. 24, p. 6). John/Jane Doe Medical Staff 8's note merely read "C-spine X-ray ordered and done on October 10, 2014, no obvious fractures. For follow up in two (2) weeks." *Id.* There is no indication that this notation bordered on intentional wrongdoing. In fact, it could have been entirely accurate at the time based on his experience with Plaintiff, if he was the X-ray technician and did not notice any obvious fractures when he took the X-ray on October 10, 2014, or if he entered the above

5

information into Plaintiff's file on the X-ray technician's behalf.

Plaintiff's claims against Chadwell and John/Jane Doe Doctor 9-14 are based entirely on these defendants' refusal to see Plaintiff for a scheduled appointment. Without more information suggesting a sufficiently culpable state of mind on the part of these defendants, the Court will not find that a mere appointment cancellation amounts to deliberate indifference. Similarly, Plaintiff's claims against John/Jane Doe Medical Staff 4 and 6 are devoid of information that suggests these defendants' actions constituted deliberate indifference.

Plaintiff claims that he requested medical care from John/Jane Doe Medical Staff 4 and informed him or her of his issues "to no avail." (Doc. 24, p. 10). This does not indicate whether John/Jane Doe Medical Staff 4 tried and failed to treat Plaintiff or refused to treat Plaintiff, and for this reason, the Court will not assume he or she was deliberately indifferent. As to John/Jane Doe Medical Staff 6, Plaintiff claims that he saw this defendant regarding his medical needs, and he or she referred him to see a doctor. (Doc. 24, p. 12). Whether the doctor actually saw Plaintiff, this defendant appears to have sought further treatment for Plaintiff and was therefore not deliberately indifferent to his medical needs.

Finally, Plaintiff has failed to state a claim against Unidentified John and Jane Does because "[v]ague references to a group of defendants, without specific allegations tying the individual defendants to the alleged unconstitutional conduct, do not raise a genuine issue of material fact with respect to those defendants." *See Grieveson v. Anderson*, 538 F.3d 763, 777-78 (7th Cir. 2008) (internal quotations omitted). Based on this, Plaintiff's attempt to implicate Unidentified John and Jane Does for deliberate indifference fails, as there are no specific allegations tying them to unconstitutional conduct. For the same reason, Plaintiff's bulk listing of the individual defendants on page 15 of the Amendment Complaint and suggestion that they

all, at various times and in various ways, saw and denied him medical care in violation of his rights, fail to adequately tie actual actions of these defendants to the injuries Plaintiff suffered. *See Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003). Because the allegations against John/Jane Doe Medical Staff 5 are limited to these general, collective accusations, Plaintiff's has also failed to state a claim against this defendant.

Based on the foregoing, Count 1 will proceed against Trost, Monjie, McGlorn, Jane Doe Nurse 1, 2, and 15, Threadgill, Lang, Kulis, John/Jane Doe Medical Staff 3, Waller, Little, Westfall, John Doe Sgt. 16, Rogers, Mears, Moldenhauer, Marshall, John/Jane Doe Medical Staff 7, Shah, Hawkins, Siddiqui, Lafone, Pollion, and Wexford. Count 1 will be dismissed without prejudice against John/Jane Doe Medical Staff 4, 5, 6, and 8, Chadwell, John/Jane Doe Doctor 9-14, and Unidentified John and Jane Does.

### Count 2 – Medical Negligence

Plaintiff also brings state law claims of medical negligence against the defendants. Under the Illinois medical negligence law, a Plaintiff must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a). A separate

7

affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. §5/2-622(b). Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).

In the instant case, Plaintiff has failed to file the necessary affidavits or reports. Therefore, the claim in Count 2 shall be dismissed. However, the dismissal shall be without prejudice at this time, and Plaintiff shall be allowed 35 days to file the required affidavit(s), if he desires to seek reinstatement of this claim. The certificate(s) of merit must also be filed in accordance with the applicable section of §5/2-622(a). Should Plaintiff fail to timely file the required affidavits/certificates, the dismissal of Count 2 will become a dismissal with prejudice. *See* FED. R. CIV. P. 41(b).

### **Counts 3 and 4 – Retaliation**

To prevail on a § 1983 claim of First Amendment retaliation, Plaintiff must show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future"; and (3) a causal connection between the two. *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citation omitted)). Plaintiff has stated a claim under this standard against Mears and Lang. Plaintiff's allegations against Little fail to state retaliation claim against him, however. Plaintiff claims that he returned Plaintiff to his cell "in retaliation" after Plaintiff requested medical care. It is unclear if Plaintiff meant that returning Plaintiff to his cell was in retaliation for his requesting medical care or some other protected activity. With such minimal information, Plaintiff has not satisfied the *Twombly* pleading standard with respect to this claim.

Accordingly, Count 3 will proceed against Lang and Mears, and Count 4 will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Count 5 – Due Process

The Due Process Clause of the Fourteenth Amendment provides that the states shall not "deprive any person of life, liberty, or property, without due process of law[.]" U.S. CONST. amend. XIV. There is no loss of property without due process of law, however, if a state provides an adequate post-deprivation remedy for the loss. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available.").

The United States Court of Appeals for the Seventh Circuit has specifically held that an IDOC prisoner has an adequate post-deprivation remedy for confiscation of a prisoner's non-contraband property by IDOC personnel in the form of an action for damages in the Illinois Court of Claims. *See Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (citing 705 ILCS 505/8). Therefore, Plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983 against Mears for a violation of his Fourteenth Amendment rights based on Mears charging a $5 co-pay without his permission. To the extent Plaintiff takes issue with the fact that he was charged a co-pay for some of his medical provider visits, an inmate's constitutional rights are not violated by the collection of a fee for prison medical or dental services. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012) ("the imposition of a modest fee for medical services, standing alone, does not violate the Constitution"). Count 5 will therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Request for Preliminary Injunction

In the request for relief in the Amended Complaint, in relevant part, Plaintiff seeks a preliminary injunction in the form of an order requiring IDOC, Menard, and/or Wexford to

"immediately arrange for this Plaintiff to receive adequate pain medication and muscle relaxers or other, and medical care to diagnose (M.R.I.) the cause and effect of Plaintiff's injuries, serious medical needs and chronic pain." (Doc. 24, p. 20). Plaintiff failed to file a separate motion pursuant to Federal Rule of Civil Procedure 65 seeking this interim relief. He should have done so. Given the request in the Amended Complaint, however, the Clerk shall be directed to add a docket entry entitled "Motion for Preliminary Injunction," so that the motion can be referred to a United States Magistrate Judge for consideration.

Plaintiff has filed a separate Motion for Preliminary Injunction (Doc. 25) requesting writing supplies so that he can litigate his various lawsuits. Plaintiff has previously filed motions regarding similar issues in litigating his cases. Because this case involves claims of deliberate indifference to Plaintiff's medical needs, and the issues Plaintiff complains of in his Motion for Preliminary Injunction do not seem to have affected his ability to litigate this case given his multitude of filings and failure to miss any deadlines, his Motion (Doc. 25) is **DENIED**.

### Identification of Unknown Defendants

The Warden of Menard will be added as a defendant, in his or her official capacity only, for the purpose of responding to discovery (formal or otherwise) aimed at identifying the remaining John and Jane Doe defendants and implementing any injunctive relief that may be granted. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of these defendants are discovered, Plaintiff shall file a motion to substitute them in place of the generic designations in the case caption and throughout the Amended Complaint.

### Pending Motion

Plaintiff has filed a joint Motion for Documents and Docket Sheets and to Stay Each

Action Individually (Doc. 26), which is hereby **DENIED** in part and **GRANTED** in part. Plaintiff's motion grieves that he does not have proper access to the Courts and that he is not properly receiving documents related to this case. Plaintiff previously filed two similar motions in this case. Plaintiff's motion to stay the case is **DENIED**. As to the motion to copy, Plaintiff was sent a copy of the docket sheet in this case on 4/9/2018. The Clerk of Court is **DIRECTED** to provide Plaintiff with a copy of the Docket Sheet from 4/9/2018 to present.

Additionally, Plaintiff's motion includes a request for counsel. When presented with a request to appoint counsel, the Court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff's motion does not state that any effort was made to obtain counsel. Motions for recruitment of counsel must be properly completed, identify which attorneys were contacted and include rejection letters, if possible. Further, Plaintiff has extensive experience in filing civil rights litigation and is competent to represent himself at this stage of the case.

Finally, to the extent Plaintiff requests any further copies, he is welcome to file a request for any document filed in this case. As a general rule, the District Clerk will mail paper copies of any document to a party only upon prepayment of the required fee. According to 28 U.S.C. § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference Schedule of Fees section (4) provides that a fee of $.50 per page shall apply for reproducing any record or paper.

## Disposition

The **Clerk** is **DIRECTED** to add **WARDEN OF MENARD** (official capacity only) as a

defendant in CM-ECF for the purpose of responding to discovery aimed at identifying the Doe defendants and carrying out any injunctive relief that may be granted.

The **Clerk** is also **DIRECTED** to add "Motion for Preliminary Injunction" as a docket entry in CM-ECF based on the reasoning herein.

**IT IS HEREBY ORDERED** that **COUNT 1** will **PROCEED** against **TROST**, **MONJIE**, **MCGLORN**, **JANE DOE NURSE 1**, **2**, and **15**, **THREADGILL**, **LANG**, **KULIS**, **JOHN/JANE DOE MEDICAL STAFF 3**, **WALLER**, **LITTLE**, **WESTFALL**, **JOHN DOE SGT. 16**, **ROGERS**, **MEARS**, **MOLDENHAUER**, **MARSHALL**, **JOHN/JANE DOE MEDICAL STAFF 7**, **SHAH**, **HAWKINS**, **SIDDIQUI**, **LAFONE**, **POLLION**, and **WEXFORD** and is **DISMISSED** without prejudice against all other defendants.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED** without prejudice against each of the defendants. If Plaintiff wishes to move the Court to reinstate the medical malpractice/negligence claim(s) in **COUNT 2**, Plaintiff shall file the required affidavit(s) pursuant to 735 ILL. COMP. STAT. §5/2-622, within 35 days of the date of this order (on or before October 11, 2018). Further, Plaintiff shall timely file the required written report(s)/certificate(s) of merit from a qualified health professional, in compliance with §5/2-622. Should Plaintiff fail to timely file the required affidavits or reports, the dismissal of **COUNT 2** will become a dismissal **with prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 3** shall **PROCEED** against **LANG** and **MEARS**.

**IT IS FURTHER ORDERED** that **COUNTS 4** and **5** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **JOHN/JANE DOE MEDICAL STAFF 4**, **5**, **6**, and

**8**, **CHADWELL**, **JOHN/JANE DOE DOCTOR 9-14**, and **UNIDENTIFIED JOHN AND JANE DOES** are **DISMISSED** from this action without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **ILLINOIS DEPARTMENT OF CORRECTIONS** and **MENARD CORRECTIONAL CENTER** are **DISMISSED** from this action with prejudice for the reasons stated herein.

**IT IS FURTHER ORDERED** that as to **COUNTS 1** and **3**, the Clerk of Court shall prepare for **TROST**, **MONJIE**, **MCGLORN**, **JANE DOE NURSE 1**, **2**, and **15** (once identified), **THREADGILL**, **LANG**, **KULIS**, **JOHN/JANE DOE MEDICAL STAFF 3** (once identified), **WALLER**, **LITTLE**, **WESTFALL**, **JOHN DOE SGT. 16** (once identified), **ROGERS**, **MEARS**, **MOLDENHAUER**, **MARSHALL**, **JOHN/JANE DOE MEDICAL STAFF 7** (once identified), **SHAH**, **HAWKINS**, **SIDDIQUI**, **LAFONE**, **POLLION**, **WARDEN OF MENARD** (official capacity only), and **WEXFORD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending

the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on **JANE DOE NURSE 1**, **2**, and **15**, **JOHN/JANE DOE MEDICAL STAFF 3**, **JOHN DOE SGT. 16**, and **JOHN/JANE DOE MEDICAL STAFF 7** until such time as Plaintiff has identified them by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings, including consideration of Plaintiff's request for a preliminary injunction and a plan for discovery aimed at identifying the unknown defendants with particularity. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than

**7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: September 7, 2018**

                                                      s/ MICHAEL J. REAGAN
                                                      United States Chief District Judge