IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ,<br><br>                Plaintiff,<br><br>v.<br><br>SHARON MCGLORN, MICHAEL MOLDENHAUER, RASHIDA POLLION, MOHAMMED SIDDIQUI, M.D., JOHN TROST, M.D., WEXFORD HEALTH SOURCES, INC., *et al.*,[1]<br><br>                Defendants. | Case No. 18-cv-18-NJR-RJD |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a Report and Recommendation of United States Magistrate Judge Reona J. Daly (Doc. 160), which recommends that the Motion for Summary Judgment Based on Exhaustion filed by Defendants Sharon McGlorn, Michael Moldenhauer, Rashida Pollion, Mohammed Siddiqui, M.D., John Trost, M.D. and Wexford Health Sources, Inc., be granted in part.

The Report and Recommendation was entered on September 3, 2019. Plaintiff David Robert Bentz ("Bentz") has filed an Objection to the Report and Recommendation (Doc. 162).

### BACKGROUND

Bentz, an inmate of the Illinois Department of Corrections ("IDOC"), is

---

[1] The Clerk's Office is **DIRECTED** to update the docket sheet to reflect the true and accurate names of the above-mentioned defendants as set forth in the caption and first paragraph of this Order.

incarcerated at Menard Correctional Center ("Menard"). Bentz proceeds on the following counts:

> **Count 1**: Eighth Amendment deliberate indifference to medical needs claim against Defendants Trost, Monjie, McGlorn, Jane Does Nurse 1, 2, and 15, Threadgill, Lang, Kirk, John/Jane Doe Medical Staff 3, Waller, Little, Westfall, John Doe Sgt. 16, Skidmore, Mears, Moldenhaur, Marshall, John/Jane Doe Medical Staff 7, Shah, Hawkins, Siddiqui, Lafone, Pollion, and Wexford for failing to adequately address the injuries that Bentz sustained on May 11, 2014 and the chronic pain he continues to experience.
>
> **Count 3**: First Amendment retaliation claim against Mears and Lang for refusing to provide Bentz with medical care in retaliation for his filing lawsuits.

On February 18, 2019, Defendants McGlorn, Moldenhauer, Pollion, Siddiqui, Trost and Wexford filed a Motion for Summary Judgment based on failure to exhaust administrative remedies (Docs. 90 and 91). Despite being granted two extensions of time by Judge Daly, Bentz failed to timely respond to the motion.

## THE REPORT AND RECOMMENDATION

Judge Daly recommends granting in part the motion for summary judgment. Judge Daly found the following grievances to be relevant to the issue of exhaustion of administrative remedies: October 2, 2014 grievance; June 15, 2016 grievance; June 30, 2016 grievance; August 11, 2017 grievance; September 2, 2017 grievance; October 10, 2017 grievance; January 26, 2018 grievance; and March 16, 2018 grievance.

Judge Daly found that the October 2, 2014 grievance failed to mention or describe Defendants Dr. Trost, McGlorn, and Pollion or their alleged actions at issue in this case. She further found that the June 15, 2016 and June 30, 2016 grievances were not timely appealed to the ARB and, therefore, did not serve to fully exhaust Bentz's administrative

remedies. As to the September 2, 2017 grievance, Judge Daly found that, although it mentioned Defendant Moldenhauer and Wexford, it did not address their alleged actions at issue in this case. As to the October 10, 2017 grievance, Judge Daly found that this grievance was fully exhausted and alleged that Wexford, Moldenhauer, and Dr. Siddiqui failed to treat Bentz's neck injury and chronic pain. Judge Daly found that the grievances filed on January 26, 2018 and March 16, 2018 were not fully exhausted until after Bentz filed his Amended Complaint.

Thus, Judge Daly recommends granting summary judgment as to Defendants Dr. Trost, McGlorn and Pollion based on Bentz's failure to exhaust his administrative remedies against them. She recommends denying summary judgment as to the remaining defendants.

## DISCUSSION

When timely objections to a Report and Recommendation are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). This requires the Court to look at all evidence contained in the record and give fresh consideration to those issues to which specific objections have been made and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). If only a "partial objection is made, the district judge reviews those unobjected

portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734,739 (7th Cir. 1999). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper,* 824 F. Supp. at 788.

Bentz raises various objections to Judge Daly's Report and Recommendation (Doc. 162). But the arguments raised in his objection were never properly before Judge Daly and, therefore, they were not considered by her. Courts have routinely held that arguments not raised before a magistrate judge and raised for the first time in objections filed before the district judge are waived. *See Moore v. Trost*, Case No. 17-CV-943-NJR-RJD, 2019 WL 1434681, at *6 (S.D. Ill. Mar. 31, 2019); *see also Zendejas v. Reel Cleaning Servs., Inc.*, No. 05 C. 6933, 2009 WL 2431299, at *8 (N.D. Ill. Aug. 6, 2009); *see also U.S. v. Melgar,* 227 F.3d 1038, 1040 (7th Cir. 2000) (finding arguments raised for the first time in an objection are ordinarily waived); *Cunningham v. Posnet Servs., LLC,* No. 05 C 4191, 2008 WL 905881, at *3 (S.D. Ill. Apr. 1, 2008) (in considering a magistrate judge's report and recommendation to enforce a settlement agreement, the district judge held that plaintiffs waived certain arguments that were raised for the first time in their objections); *see also Hopson v. Davis,* No. 04 C 604, 2006 WL 285991, at *1 (S.D. Ill. Feb. 3, 2006) ("arguments raised for the first time in an objection are waived."); *Lowe v. Frank,* No. 03 C 266, 2004 WL 635704, at *3 (W.D. Wis. Mar. 9, 2004) ("Petitioner asserted this claim for the first time in his objections to the magistrate judge's report and recommendation. That was too late."). "Failure to raise arguments will often mean that facts relevant to their resolution will not have been developed; one of the parties may be prejudiced by the untimely introduction of an argument . . . . Additionally, a willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's

report and recommendation are taken as established unless the party files objections to them." *Melgar*, 227 F.3d at 1040.

The Court finds it especially appropriate to follow the general rule of waiver in this case, where Bentz failed to timely file a response to the motion for summary judgment, despite being granted two extensions of time by Judge Daly. Specifically, the motion for summary judgment was filed on February 18, 2019 (Doc. 90). On March 26, 2019, Bentz filed a motion for extension of time, which Judge Daly granted, giving Bentz until April 26, 2019 to file a response (Docs. 119 and 123). On April 23, 2019, Bentz filed a second motion for extension of time, which Judge Daly also granted, giving Bentz until May 24, 2019 to file a response (Docs. 128 and 136). Bentz had explained that he was only allowed so much property in his cell and had submitted requests for his legal file (Doc. 128). On July 30, 2019, sixty-seven days after his response was due, Bentz filed a third motion for extension of time, which Judge Daly denied (Docs. 151 and 153). Bentz explained that he was in segregation since June 25, 2019 and had submitted requests for his legal file, but still had not received it (Doc. 151). Judge Daly denied the request on the basis that Bentz did not timely seek an extension of this deadline, he had already been given two extensions, and he failed to show good cause or excusable neglect warranting an extension (Doc. 153). On August 27, 2019, Bentz nonetheless filed a response, without requesting leave of Court (Doc. 159). This response was untimely by ninety-five days (Doc. 159).

In addressing the motion for summary judgment, Judge Daly declined to consider Bentz's untimely response and justifiably so. Bentz is not a novice litigator—he has eleven pending cases in this district at the present time. His attempt to get another bite at the

apple is not fair considering his willful disregard of the deadlines set by Judge Daly. Additionally, Bentz has not pointed to any special circumstances to justify deviating from the ordinary rule of waiver in this case. In Bentz's objection, he gives no reason for his failure to file a timely response to the motion for summary judgment, and sets forth no good cause or excusable neglect that would have warranted an extension or warranted the undersigned to consider his arguments now.

The Court has reviewed Judge Daly's Report and Recommendation and finds her findings of fact and conclusions of law to be sound.

## Conclusion

For these reasons, the Court **ADOPTS** Magistrate Judge Daly's Report and Recommendation (Doc. 160), **OVERRULES** Bentz's Objection (Doc. 162), and **GRANTS in part** the Motion for Summary Judgment filed by Defendants Sharon McGlorn, Michael Moldenhauer, Rashida Pollion, John Trost, M.D., Mohammed Siddiqui, M.D., and Wexford Health Sources, Inc. (Docs. 90 and 91). Defendants Trost, McGlorn and Pollion are **DISMISSED without prejudice** for failure to exhaust administrative remedies. The following claims remain in this case (which are renumbered in sequence):

**Count 1**: Eighth Amendment deliberate indifference to medical needs claim against Defendants Monjie, Jane Does Nurse 1, 2, and 15, Threadgill, Lang, Kirk, John/Jane Doe Medical Staff 3, Waller, Little, Westfall, John Doe Sgt. 16, Skidmore, Mears, Moldenhaur, Marshall, John/Jane Doe Medical Staff 7, Shah, Hawkins, Siddiqui, Lafone, and Wexford for failing to adequately address the injuries that Bentz sustained on May 11, 2014 and the chronic pain he continues to experience.

**Count 2**: First Amendment retaliation claim against Mears and Lang for refusing to provide Bentz with medical care in retaliation for his filing lawsuits.

Finally, the Clerk of Court is **DIRECTED** to change Defendants' names in accordance with footnote 1.

**IT IS SO ORDERED.**

**DATED:** September 23, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**