## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID ROBERT BENTZ,**

               **Plaintiff,**

**v.**                                   **Case No. 18-cv-18-NJR**

**SUSAN KIRK,** *et al.,*

               **Defendants.**

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a motion for sanctions (Doc. 187) filed by Defendants Thomas Lafond, Aimee Lang, Jacqueline Lashbrook, Kenneth Little, Nicole Marshall, Erin Mears-Attig, Michael Monje, Derrick Threadgill, Jason Waller, Bill Westfall, Ronald Skidmore, and Holly Hawkins ("IDOC Defendants"). The IDOC Defendants allege that Plaintiff David Robert Bentz provided the Court with fraudulent Certificates of Service on two occasions. Wexford Health Sources, Inc., Michael Moldenhauer, Mohammed Siddiqui, and Vipin Shah ("Wexford Defendants") joined in the motion (Docs. 188, 189). Bentz did not file a response to the motion. On April 27, 2020, the Court ordered Bentz to show cause why his case should not be dismissed for submitting fraudulent documents in violation of Federal Rule of Civil Procedure 11. Bentz asked for additional time to file a response, and the Court granted him an extension to May 18, 2020. Bentz did not file a response.[1]  On May 18, 2020, the Court held a hearing

---

[1]  At the hearing, Bentz testified that he mailed a "motion to show cause" on May 17, 2020. He

on the motion.

## BACKGROUND

Bentz filed his lawsuit pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). On May 24, 2018, Bentz filed an Amended Complaint (Doc. 24). In essence, Bentz alleges he was the victim of a staff assault on May 11, 2014, from which he sustained injuries to his neck area. These injuries caused him chronic pain, jaw pain, swelling to his left shoulder, neck, and head areas, vision issues in his left eye due to swelling and pressure, rotation issues with his neck and head due to chronic swelling, and occasional leg pain. Defendants allegedly failed to provide him with medical care for these injuries.

Defendants argue that Bentz should be sanctioned for filing two Certificates of Service in this case that were fraudulently labeled. The first is the Certificate of Service for Bentz's objections to a Report and Recommendation regarding unknown defendants (Doc. 171). The objections were due fourteen days after service of the Report and Recommendation entered on October 23, 2019 (Doc. 169, p. 5). Bentz's objections were filed on November 19, 2019, but his Certificate of Service indicates he placed the document in the prison's institutional mail for filing by the law library on November 5, 2019 (Doc. 171, p. 2). Defendants argue that the Certificate of Service is fraudulent because Bentz backdated the Certificate to make it appear that he submitted the objections in a

---

alleged that he had to mail the document because he does not have access to the law library due to the Covid-19 quarantine. Patricia Stewart, a law library assistant at Menard Correctional Center, testified that during the quarantine inmates were informed that they could access the law library through requests sent through the institutional mail. She further testified that Bentz had not asked to e-file any document nor did he request any copies prior to the hearing.

timely fashion.

Bentz filed another set of objections on November 19, 2019 (Doc. 172). These objections were in response to an Order denying him additional time to identify unknown defendants (Doc. 168). The Certificate of Service indicates that he submitted the document for filing through the institutional mail on October 29, 2019 (Doc. 168, p. 2). Defendants argue that this Certificate of Service is also fraudulent and that Bentz backdated it.

To support their allegations, Defendants attach the affidavit of Patricia Stewart, a law library assistant at Menard Correctional Center (Doc. 171-1, pp. 1-2). Stewart testified in her affidavit that Bentz submitted both sets of objections to the law library, in person, on November 19, 2019 (*Id*. at p. 2). The objections were not submitted through the institutional mail or prior to November 19, 2019, as indicated in the Certificates (*Id*.). The pass log for November 19, 2019, also indicates that Bentz was in the law library on that date (*Id*. at p. 3). Stewart attached receipts from November 19, 2019, indicating that Bentz submitted two documents for filing, both two pages in length (*Id*. at p. 4). Bentz's objections (Docs. 171 and 172) are two pages in length as the receipt indicates. Both the law library log book (Doc. 187-1, p. 7) and the library request form from November 19, 2019 (Doc. 187-1, p. 10) indicate that the documents were accepted in the law library and filed that day.

## ANALYSIS

### A. Bentz's Motion to Show Cause (Doc. 206)

At the evidentiary hearing, Bentz informed the Court that he filed a motion to

show cause by regular mail, in response to the Court's Order to Show Cause (Doc. 200).
The Court received the motion on May 26, 2020 (Doc. 206). Bentz's motion asks for a copy
of Defendants' motion for sanctions (Doc. 187) because he never received a copy of the
motion to review. The motion to show cause is **DENIED as moot**. Bentz had ample
opportunity to respond to the request for sanctions both in response to the Court's Order
to Show Cause and at the evidentiary hearing. He also had knowledge of the allegations
in the motion. He received a notice and draft motion from Defendants on December 13,
2019 (Doc. 187, p. 3), which he acknowledged by filing a motion for extension of time to
respond to the motion on December 24, 2019 (Doc. 182). That motion was denied because
no motion for sanctions was pending at that time (Doc. 185). To the extent Bentz alleges
he never received a copy of the motion, he had knowledge of the allegations and was able
to respond to the allegations at the evidentiary hearing.

   B.  **Motion for Sanctions (Doc. 187)**

      Federal Rule of Civil Procedure 11(b) states that by presenting "a pleading, written
motion, or other paper [to the Court]…[the] party certifies that to the best of the person's
knowledge…it is not being presented for any improper purpose, such as to harass, cause
unnecessary delay, or needlessly increase the cost of litigation." Fraudulent behavior can
warrant sanctions. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (citing *Hoskins v. Dart*,
633 F.3d 541, 544 (7th Cir. 2011) (affirming the dismissal of a suit in which the plaintiff
lied about his litigation history and applicability of the prepayment requirement in
28 U.S.C. § 1915(g)); *Ridge Chrysler Jeep, LLC v. DaimlerChrysler Financial Services Americas
LLC,* 516 F.3d 623, 626–27 (7th Cir. 2008) (affirming dismissal against plaintiff who lied to

obtain interlocutory relief); *Greviskes v. Universities Research Ass'n, Inc.,* 417 F.3d 752, 759 (7th Cir. 2005) (affirming dismissal where plaintiff engaged in fraudulent misconduct that delayed lawsuit); *Thomas v. General Motors Acceptance Corp.,* 288 F.3d 305, 308 (7th Cir. 2002) (concluding that the district court did not abuse its discretion by dismissing case as sanction for lying on application to proceed *in forma pauperis*)). "Dismissal with prejudice is an appropriate sanction for misleading the court in an attempt to receive a benefit." *Martin v. Larry,* -- F. App'x --, 2020 WL 2511114 (7th Cir. May 15, 2020) (*citing Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015); *Hoskins*, 633 F.3d at 543-44)).

The Court finds that Bentz falsified his Certificates of Service. His Certificates indicate that the documents were submitted on October 29, 2019 (Doc. 172) and November 5, 2019 (Doc. 171) through the institutional mail, but the Certificates are false on two accounts. First, neither document was sent through the institutional mail; they were submitted for filing on November 19, 2019 rather than the dates listed on the Certificates. Stewart testified at the hearing that Bentz submitted the documents for e-filing while he was on a law library pass on November 19, 2019. She submitted a number of documents with her affidavit that demonstrate the documents were submitted on November 19. The prison's electronic call pass system shows that Bentz was in the law library on November 19 (Doc. 187-1, p. 3). Receipts, as well as a law library request form from that date, show that Bentz requested that the documents be filed on that day (*Id.* at pp. 4 and 10). The e-file logbook, which includes handwritten entries for every document e-filed by the law library, also indicates that the documents were received and filed on November 19, 2019 (*Id.* at p. 7). Although Bentz can use the institutional mail to submit

documents for e-filing, Stewart testified that he rarely uses that method, and she only found one request in his file that was sent through the institutional mail. Further, the records indicate that these documents were submitted in the law library. The evidence clearly demonstrates that the Certificates of Service are incorrect as to the dates and method of submission.

The Court also finds that Bentz knowingly falsified these documents. Bentz is a frequent litigator. He has a number of cases in this Court and testified that he is currently litigating approximately seventeen cases *pro se* and has filed approximately thirty cases in total. He has demonstrated in his numerous filings in this and other cases that he is competent and understands the legal process. The Court does not find his dating of the Certificates to be an accident or a mere misunderstanding. In fact, Bentz acknowledged that he handwrites each Certificate of Service, which indicates that he purposefully put those dates on the Certificates. Bentz also did not dispute that the dates on the Certificates do not match the date they were actually filed. Stewart testified that she had, on a few occasions, notified Bentz that the dates of his Certificates were incorrect and asked if he wanted to correct them before e-filing. Most of the time he refused. Bentz clearly knew that the Certificates did not accurately reflect the date they were filed.

Bentz argues that the Certificates are true and accurate because they state the date he *tried* to submit the documents. Bentz testified that he dates the Certificates with the date that he first tried to submit the documents through institutional mail. But if the documents do not get picked up, he submits them at his next law library day and does not change the date. Bentz argues that Stewart did not know whether he tried to submit

the documents through the institutional mail because she does not pick up the documents at his cell door. Stewart only retrieves documents from the institutional mailbox.

The Court does not find Bentz's testimony on this point credible in the least. There is no evidence to suggest that he tried to submit the documents on the date indicated in the Certificates. In fact, the records reflect that Stewart met with Bentz at his cell on October 29, 2019, and he did not submit any documents for e-filing (Doc. 187-1, p. 13). The contact log, a computer log which documents every contact with an inmate, indicates that he made a request for copies (Doc. 187-1, pp. 1 and 13). If he had given documents for e-filing, Stewart testified that it would have been reflected on the log. Other occasions where Bentz submitted documents for e-filing at his cell were documented on the log, but the October 29, 2019 contact log states that only copies were requested (*Id*.).

Bentz also made a number of false statements in his testimony, which undermines his credibility. He testified that he generally submitted his documents for e-filing by institutional mail, but Stewart testified that there was only one occasion in the records where a document was submitted by institutional mail. He also testified that he submitted a motion to show cause to the Court but had to send the motion through the regular mail because he lacked access to the law library. But Stewart testified that even though the prison is on lockdown due to the Covid-19 outbreak, inmates are allowed to contact the law library and e-file documents by submitting the documents through the institutional mail. She further testified that Bentz received a notice on how to contact the law library during lockdown, but he had not submitted any documents for e-filing with the law library. The Court finds Stewart's testimony to be credible. Notably, much of her

testimony is *supported* by documents in the record, whereas Bentz's testimony is often *refuted* by the documents in evidence.

Bentz's attempts to mislead the Court with the false Certificates were also intentional and an apparent attempt to receive a benefit, namely a review of court orders based on timely objections. *Martin*, 2020 WL 2511114, at *2; *Hoskins*, 633 F.3d at 543 ("omissions were both material and intentional, and thus fraudulent"). His Objections to the Report and Recommendation (Doc. 169) were due November 6, 2019. By dating his Certificate November 5, 2019, he indicated to the Court that the Objections were timely filed. In fact, the Court reconsidered its Order adopting the Report and Recommendation (Doc. 170) in light of Bentz's objections (Doc. 177). Similarly, Bentz's objections to the magistrate judge's October 22, 2019 Order (Doc. 168) were due within fourteen days of the Order. *See* SDIL Local Rule 73.1(a). By dating the Certificate with October 29, 2019, he sought to trick the Court into reviewing untimely filed objections. Both sets of objections were ultimately overruled (Doc. 177), but the Court spent additional time and resources reviewing the untimely objections.

Because Bentz knowingly and intentionally falsified the Certificates of Service, the Court finds that sanctions are warranted. *See Martin*, 2020 WL 2511114, at *2; *Secrease*, 800 F3d. at 402 ("courts generally have an interest in both punishing a party's dishonesty and deterring others who might consider similar misconduct"). The only appropriate sanction in this case is the dismissal of Bentz's claims. Although the Court is required to consider other sanctions before dismissal, monetary sanctions would not be effective against Bentz who is proceeding *in forma pauperis* in all of the many cases he has pending

before this Court. *See Rivera,* 767 F.3d at 686-87; *Hoskins*, 633 F.3d at 544. Further, an order excluding evidence from Bentz would most likely result in summary judgment for the defendants and a dismissal of the case. Thus, the only appropriate sanction for Bentz's fraudulent behavior is dismissal.

### CONCLUSION

For the reasons stated above, Defendants' motion for sanctions is **GRANTED,** and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close the case and enter judgment accordingly.

IT IS SO ORDERED.

DATED:   May 27, 2020

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**