IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID ROBERT BENTZ,**

          **Plaintiff,**

v.

**SUSAN KIRK,** *et al.,*

          **Defendants.**

Case No. 18-cv-18-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff David Robert Bentz's objection to the Court's Order granting Susan Kirk's motion for summary judgment (Doc. 210). Bentz fails to cite to any procedural avenue for his objection.[1] A party may ask the Court to reconsider an order under either Federal Rule of Civil Procedure 59(e) or 60(b). Although Bentz does not specifically cite to either Rule, because he asks to the Court's Order be vacated and summary judgment awarded in his favor, the Court construes his objection as a motion to reconsider.

The Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedures. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment should

---

[1] Although a party may object to a magistrate judge's proposed findings and recommendations under the Court's Local Rules, there is no such avenue for objection to a district judge's order. See SDIL Local Rule 73.1(b).

be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be considered as Rule 59(e) motions – no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996), *reh'g and suggestion for reh'g en blanc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht*, 517 F.3d at 494 (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)).

Rule 60(b), on the other hand, sets forth a more exacting standard than Rule 59(e),

although it permits relief from a judgment for a number of reasons, including mistake or "any other reason that justifies relief." FED. R. CIV. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Bentz fails under either standard. He fails to offer any new evidence, nor does he point to a mistake of law or fact. Instead, he argues that Kirk failed to prove that he did not exhaust his administrative remedies and that she only proved that the grievance office did not receive the grievance. He argues that he submitted the grievance through the institutional mail and it got lost in the process of reaching the grievance office. These are not new arguments or new evidence; Bentz testified to these matters at the evidentiary hearing. The Court found his testimony lacking in credibility and determined that he did not properly submit his grievance. Bentz appears to be dissatisfied with the Court's findings, but that is not cause for reconsideration of the Order (Doc. 205). The Court stands by its previous ruling.

Accordingly, Bentz's objection (Doc. 210) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   June 3, 2020**

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**